REQUESTED BY: Colonel E. J. Kohmetscher, Superintendent, Nebraska State Patrol.
What statutory authority does the Department of Motor Vehicles have to issue employment driving permits to individuals following the revocation or suspension of their operating privileges?
What statutory authority does the Department of Motor Vehicles have to revoke employment driving permits issued to individuals pursuant to section 39-669.35?
Does a court of record have the authority to revoke an employment driving permit granted by the Department of Motor Vehicles?
Does the Department of Motor Vehicles have the authority to grant an employment driving permit after an individual has been convicted of driving under suspension?
The Department of Motor Vehicles may issue employment driving permits only in those instances in which the Department has initially revoked the individual's operating privileges pursuant to sections 39-669.16, 39-669.27, and39-669.30.
An employment driving permit is automatically revoked pursuant to section 39-669.35 whenever the holder of such a permit fails to meet the conditions set forth in that section.
Yes.
No.
1. Employment driving permits are issued by the Department of Motor Vehicles pursuant to sections 39-669.34
and 39-669.35. They may be granted only in those instances in which the Department has itself revoked or suspended an individual's driving privileges, namely, section 39-669.16,39-669.27, and 39-669.30. Section 39-669.16 involves a suspension for a refusal to submit to a chemical test of blood, breath, or urine under the Implied Consent Law. Section39-669.27 mandates a suspension because of an accumulation of 12 or more points within a two-year period. Section39-669.30 requires that an individual who has been suspended for points must give and maintain proof of financial responsibility for a period of three years. In the event that an individual fails to do so, the Department may again suspend that individual's operating privileges pursuant to section 69-524 and 60-525.
2. Section 39-669.35 sets forth the requirements that must be met in order for an individual to qualify for an employment driving permit. Subsection 2 requires that the individual must certify that he will attend and complete, within 60 days, a driver improvement course. Failure to complete such a course requires the surrender of the permit. Secondly, the individual must file and maintain proof of financial responsibility. Failure to do so would result in the loss of the permit. Finally, subsection 5 provides that:
 "When the holder of an employment driving permit is convicted, on or after the date of issuance of the employment driving permit, of any traffic violation or of operating a motor vehicle for a purpose other than specified by such permit, the person shall not be eligible to receive another employment driving permit during that particular period of revocation."
It would appear that this is an automatic penalty. Upon receipt of an abstract for conviction for any traffic violation or for a violation of the terms of the permit itself, the Department must require that the permit be surrendered. In addition, the individual is not eligible for another permit during that particular period of revocation. The employment driving permit is a limited privilege. All of the conditions contained in section 39-669.35 must be met in order to retain such a permit.
3. The power of a court to revoke or suspend an individual's operator's license and privilege is not limited by the authority of the Department of Motor Vehicles to grant or revoke employment driving permits. In the first instance, it should be noted that if an individual who holds an employment driving permit is convicted for any traffic violation or for any violation of the permit itself, the employment driving permit is automatically revoked by the Department. Secondly, the Department by statute is required to revoke or suspend when positively directed to do so by an abstract of conviction which is forwarded to it by courts of the state. In carrying out the terms set forth in the abstract, the Department acts in a purely ministerial capacity. See, for example, sections 39-669.24, 60-421, and60-427. In the event that an abstract of conviction is received for an individual who was also the holder or employment driving permit, the Department is obligated to carry out whatever terms are contained within that abstract.
4. A question has arisen concerning the authority of the Department of Motor Vehicles to grant an employment driving permit after an individual has been convicted of driving under suspension. Section 39-669.30 provides in part that:
 "It shall be unlawful to operate a motor vehicle on the public highways after revocation of a operator's license or privilege revoked under the provisions of section 39-669.26 to 39-669.30, except that a motor vehicle may be operated under an employment driving permit as provided by section 39-669.34. . . ."
Section 39-669.34(1) provides that:
 "Individuals whose permits to operate a motor vehicle are revoked under the provisions of sections 39-669.16, 39-669.27 and 39-669.30 shall be eligible to operate a motor vehicle in this state under an employment driving permit, valid for the period of revocation."
A cursory reading of these two sections would seem to imply that an employment driving permit could be issued during a period of revocation for driving under suspension. However, the criminal offense of driving under suspension is set forth in sections 60-430.01 and 60-430.05. A conviction for driving under suspension carries a mandatory one-year revocation for a first offense and a mandatory two-year revocation for each subsequent offense. Again, upon receipt of such an abstract of conviction, the Department is required to carry out the terms of the order of the court.
It is, of course, within the authority of the court to grant an individual probation, and to allow that individual to operate a motor vehicle for employment purposes. Those terms and conditions would then be contained in the abstract of conviction which is forwarded to the Department. These probationary privileges are separate and distinct from employment driving permits which are issued by the Department pursuant to sections 39-669.34 and 39-669.35. As stated previously, it is within the authority of the court to grant employment driving privileges if it deems it appropriate. However, before the passage of LB 259 in 1975, the Department had no comparable authority to grant employment driving privileges when the Department itself had revoked an individual's operator's license.
An example of such a revocation would be that under the point system. Therefore, section 39-669.34(1) allows the Department to issue employment driving permits in the three instances in which the Department revokes an operator's license under section 39-669.16 (implied consent), section39-669.27 (points), and section 39-669.30 (failure to give and maintain proof of financial responsibility for a specified period of time). In the event that an abstract of conviction is received for an individual who is convicted of driving under suspension, the Department is obligated to carry out whatever terms and conditions are contained within that abstract. If the abstract mandates a particular period of revocation, the Department is without the authority to alter or amend that order by the granting of an employment driving permit. Only the court may impose such conditions, and those conditions or privileges must be contained within the court's order.